HOYER & HICKS
Richard A. Hoyer (SBN 151931)
rhoyer@hoyerlaw.com
Ryan L. Hicks (SBN 260284)
rhicks@hoyerlaw.com
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
*tel* (415) 766-3539
*fax* (415) 276-1738

UNITED EMPLOYEES LAW GROUP, PC
Walter Haines (SBN 71075)
walter@whaines.com
5500 Bolsa Avenue, Suite 201
Huntington Beach, CA 92649
*tel* (562) 256-1047
fax (562) 256-1006

Attorneys for Plaintiff
JOSEPH AVILA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOSEPH AVILA, on behalf of himself and all others similarly situated,

Plaintiff,

vs.

COLD SPRING GRANITE CORPORATION, a Minnesota Corporation,

Defendant.

Case No. 2:16-at-1267

CLASS ACTION

**COMPLAINT FOR UNPAID OVERTIME, MISSED MEAL PERIODS, AND RELATED PENALTIES**

Plaintiff JOSEPH AVILA ("Avila" or "Plaintiff") brings this action on behalf of himself and all others similarly situated against COLD SPRING GRANITE CORPORATION ("Cold Spring" or "Defendant") and alleges as follows:

**NATURE OF THE ACTION**

1. This case involves Plaintiff's claims for unpaid overtime, missed and/or non-compliant meal and rest periods and resulting violations of the California Labor Code, applicable Industrial Welfare Commission Wage Order, and the Business and Professions Code.

2. Plaintiff worked for Defendant as a non-exempt hourly employee at Defendant's granite quarry in Raymond, California. Defendant illegally instituted and implemented an Alternative Workweek Schedule ("AWS") for its non-exempt, hourly-wage employees ("PCMs"). That is, Defendant scheduled PCMs to work four ten-hour shifts per week. Defendant also failed to provide PCMs with off-duty meal periods prior to the end of their fifth hour of work.

3. As a result of Defendant's illegal policies and practices, Plaintiff and those similarly situated did not receive all wages owed to them, and did not receive accurate paystubs. Plaintiff brings this action seeking unpaid wages, premium wages for missed and/or non-compliant meal periods, interest, and derivative penalties.

**PARTIES**

4. Plaintiff was, at all relevant times herein, a resident of the County of Madera, California. Plaintiff was employed as a Safety Compliance Supervisor, which is a non-exempt, hourly position, from July 11, 2016 through August 28, 2016 at Defendant's Raymond, California quarry.

5. Defendant is a Minnesota corporation with its principal place of business in Cold Spring, MN. Cold Spring is a quarrier and fabricator of granite and other natural stone and a bronze manufacturing company. Defendant operates quarries in Raymond, California and in Clovis, California. At all times herein Defendant has been an employer, covered by

the California Labor Code and Industrial Welfare Commission, Wage Order No. 1 ("Wage Order No. 1").

## JURISDICTION AND VENUE

6. Pursuant to 28 U.S.C. § 1332 the Court has diversity jurisdiction. The amount in controversy is well in excess of $75,000. Plaintiff is a citizen of the State of California, while Defendant is a corporate citizen of Minnesota.

7. Pursuant to 28 U.S.C. §1391(b)(2) venue is proper in the Eastern District of California because all of the events and omissions giving rise to the claims occurred in Madera and Fresno Counties.

## FACTUAL ALLEGATIONS

8. Plaintiff began working for Defendant's Raymond, California granite quarry through a temporary staffing agency, Express Employment Professionals, on April 8, 2016 as a Safety Compliance Supervisor. On July 11, 2016, Defendant hired Plaintiff on a permanent basis. Plaintiff held that position until he resigned on August 28, 2016.

9. The following allegations relate to the four years immediately preceding the filing of the instant action.

10. Defendant classified Plaintiff and others working at its Raymond, California and Clovis, California quarries as non-exempt, hourly-wage employees. These employees are all Putative Class Members ("PCMs").

11. Defendant implemented an AWS. That is, Defendant regularly scheduled PCMs to work four ten-hour shifts per week.

12. Prior to instituting the AWS, Defendant failed to propose the AWS in a written agreement designating a regularly scheduled alternative workweek.

/ / /

13. Defendant also failed to disclose the effects of the AWS on PCMs' wages, hours, and benefits prior to instituting the AWS. Defendant also failed to notice and hold meetings to discuss such effects.

14. Assuming, without admitting or alleging, that there was a secret ballot vote by the PCMs resulting in at least two-thirds approval by them of the AWS, Defendant failed to file the results of the vote with the California Department of Industrial Relations Office of Policy, Research and Legislation.

15. Defendant's AWS was therefore invalid, and PCMs are entitled to overtime compensation for working more than eight hours per day. Yet, Defendant failed to pay such overtime compensation.

16. As a matter of company policy, Defendant refused to authorize and permit PCMs to take an off-duty, thirty-minute meal period before the end of their fifth hour of work.

17. Defendant never paid PCMs any premium wages for missing a meal period.

18. PCMs were required to clock in and out of work using an electronic timekeeping system. PCMs did not clock out for meal periods. Instead 30 minutes was automatically deducted from their timecards such that the time PCMs began their meal periods and the actual length of the meal period was not recorded. Thus, Defendant failed to accurately record off-duty meal periods.

## CLASS ACTION ALLEGATIONS UNDER F.R.C.P. RULE 23

19. Plaintiff brings this complaint, consisting of California state law claims, as an "opt-out" class action pursuant to Federal Rule of Civil Procedure 23. The California Class is initially defined as:

> All current and former non-exempt hourly employees of Defendant who worked in Defendant's California quarries, located at 36772 Road 606, Raymond, and 14147 Tollhouse Road, Clovis, any time during the time period four years prior to the filing this complaint until resolution of this action.
>
> (The "Class")

20. Numerosity: Defendant has employed at least 50, and potentially hundreds, of non-exempt hourly employees in its quarries during the applicable statutory period. The number of PCMs is therefore far too numerous to be individually joined in this lawsuit.

21. Existence and Predominance of Common Questions: There are questions of law and fact common to Plaintiff and PCMs that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, without limitation:

a. Whether Defendant's AWS is valid under the Labor Code, the applicable Wage Order, and the Business and Professions Code §§ 17200 *et seq*.;

   i. Whether Defendant duly proposed the AWS in a written agreement designating a regularly scheduled alternative workweek;

   ii. Whether Defendant held a secret ballot vote regarding the AWS;

   iii. Whether at least two-thirds of affected PCMs voted for the AWS;

   iv. Whether Defendant disclosed the effects of the AWS on PCMs' wages, hours, and benefits prior to the secret ballot vote;

   v. Whether Defendant duly noticed and held meetings to discuss the effects of the AWS on PCMs' wages, hours, and benefits prior to the secret ballot vote;

   vi. Whether Defendant filed the results of the secret ballot vote with the Office of Policy, Research and Legislation;

    b. Whether PCMs worked more than eight hours in a day or forty hours in a week;

c. Whether Defendant paid PCMs overtime compensation or denied such compensation;

d. Whether Defendant was on notice that PCMs were not receiving overtime compensation;

e. Whether Defendant authorized and permitted PCMs to take an off-duty 30-minute meal period prior to the end of their fifth hour of work;

f. Whether Defendant failed to track PCMs' meal periods;

g. Whether Defendant failed to pay PCMs a premium wage for missing a meal period;

h. Whether Defendant failed to maintain and furnish PCMs with accurate records of hours worked in violation of the Labor Code and Wage Orders;

i. Whether Defendant failed to furnish PCMs with accurate, itemized wage statements to which they are entitled;

j. Whether Defendant failed to pay all wages to its terminated employees immediately upon termination to which they are entitled;

k. The proper measure of damages sustained and the proper measure of restitution recoverable by PCMs.

22. Typicality: Plaintiff's claims are typical of the claims of the Class. Defendant's common policies, practices, and course of conduct in violation of law as alleged herein have caused Plaintiff to sustain the same or similar injuries and damages. Plaintiff's claims are thereby representative of and co-extensive with the claims of the Class.

/ / /

23. Adequacy: Plaintiff will fairly and adequately represent and protect the interests of the Class because Plaintiff's interests do not conflict with the interests of the members of the Class he seeks to represent. Plaintiff has retained Counsel competent and experienced in complex employment and wage and hour class action litigation, and Counsel intends to prosecute this action vigorously. Plaintiff and his Counsel will fairly and adequately protect the interests of the Class.

24. Superiority: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of Plaintiffs and all PCMs is not practicable, and questions of law and fact common to Plaintiff and PCMs predominate over any questions affecting only individual members of the Class. The injury suffered by each PCM, while meaningful on an individual basis, is not of such magnitude as to make the prosecution of individual actions against Defendant economically feasible. Individualized litigation increases the delay and expense to all Parties and the Court. By contrast, class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

25. In the alternative, the Class may be certified because the prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class, and, in turn, would establish incompatible standards of conduct for Defendant.

26. Class treatment will allow those similarly situated persons to litigate their claims in the manner most efficient and economical for the Parties and the judicial system.

27. Plaintiff knows of no difficulty that would be encountered in the management of this litigation that would preclude its maintenance as a class action.

/ / /

28. Plaintiff intends to send notice to all PCMs to the extent required under applicable class action procedures. Plaintiff contemplates providing a notice or notices to the Class, as approved by the Court, to be delivered through the United States Postal Service. The notice or notices shall, among other things, advise the Class that they shall be entitled to "opt out" of the class certified for the California Action if they so request by a date specified within the notice, and that any judgment on action, whether favorable or not, entered in this case will bind all PCMs except those who affirmatively exclude themselves by timely opting out.

**FIRST CLAIM FOR RELIEF**
**Failure to Pay Overtime Compensation**
**(Class Claim)**

Plaintiff incorporates each of the foregoing paragraphs as though fully set forth herein below.

29. Defendant's conduct, as alleged herein, constitutes a violation of California Labor Code § 510(a) and Industrial Welfare Commission ("IWC") Wage Order No. 1, section 3(A), which require an employer to provide non-exempt employees with overtime compensation for all hours worked over eight hours per day or forty hours per week. Defendant knowingly and intentionally failed to pay Plaintiff and PCMs for their overtime hours.

30. As described above, Defendant illegally instituted and implemented an AWS, requiring Plaintiff and PCMs to work four ten-hour shifts, without overtime compensation. This practice deprived Plaintiff and PCMs with an overtime premium for at least two hours on each of the four days they were scheduled to work.

31. As a direct result of Defendant's unlawful employment practices, as alleged herein, Plaintiff and the Class Members have suffered, and are entitled to recover, unpaid

wages, interest, and attorney's fees under California Labor Code § 1194(a).

**SECOND CLAIM FOR RELIEF**
**Failure to Provide Meal Period**
**(Class Claim)**

Plaintiff incorporates each of the foregoing paragraphs as though fully set forth herein below.

32. Defendant's conduct, as alleged herein, constitutes a violation of California Labor Code § 512(a) and Wage Order No. 1, which requires employers to provide one thirty-minute meal period prior to the end of the fifth hour of work.

33. Defendant's conduct, as alleged herein, also constitutes a violation of California Labor Code § 226.7, which prohibits an employer from requiring employees to work during any meal period mandated by the IWC. California Labor Code § 226.7(b) and Wage Order No. 1 require employers to pay employees who miss their legally required meal periods one hour of premium wages at the employee's regular rate of compensation for each day that the meal periods are not provided in accordance with the law.

34. Defendant knowingly and intentionally failed to provide Plaintiff and the Class Members with the legally required meal periods and failed to pay them the resulting premium wages owed.

35. As a direct result of Defendant's unlawful employment practices, as alleged herein, Plaintiff and the Class members have been injured and are entitled to recover unpaid premium wages and interest.

**THIRD CLAIM FOR RELIEF**
**Failure to Provide Accurate Wage Statements**
**(Class Claim)**

Plaintiff incorporates each of the foregoing paragraphs as though fully set forth herein below.

36. Defendant's conduct, as alleged herein, constitutes a violation of California Labor Code § 226(a), which requires an employer to provide employees with accurate itemized wage statements for each pay period. Defendant knowingly and intentionally failed to provide Plaintiff and the Class Members with accurate itemized wage statements showing total hours worked and total wages earned, including overtime wages and premium wages for missed meal periods.

37. As a direct result of Defendant's unlawful employment practices, as alleged herein, Plaintiff and the Class Members have been injured and are entitled to recover statutory penalties and attorney's fees under California Labor Code § 226(e). Specifically, Plaintiff and the Class Members have been injured because Defendant failed to provide accurate and complete information regarding Plaintiff's and the Class Members' total hours worked and total wages earned, and it was therefore impossible for them to determine from the wage statement alone their total number of hours worked and total wages earned during each pay period without engaging in discovery or complicated mathematics.

**FOURTH CLAIM FOR RELIEF**
**Waiting Time Penalties**
**(Class Claim)**

Plaintiff incorporates each of the foregoing paragraphs as though fully set forth herein below.

38. Defendant's conduct, as alleged herein, constitutes a violation of California Labor Code § 201(a), which requires an employer to pay an employee all earned and unpaid wages immediately upon discharge. Through its failure to pay Plaintiff and the Class Overtime and missed meal period premiums, Defendant wilfully failed to pay Plaintiff and other Class Members who were terminated all wages owed upon their termination.

/ / /

39. As a direct result of Defendant's unlawful employment practices, as alleged herein, Plaintiff and the Class Members have been injured as alleged herein and are entitled to recover statutory penalties under California Labor Code § 203(a).

**FIFTH CLAIM FOR RELIEF**
**Unfair and Unlawful Business Practices**
**(Class Claim)**

Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

40. California Business and Professions Code §§ 17200, *et seq*. prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business acts or practices.

41. California Business and Professions Code § 17204 allows a person injured by the unfair business acts or practices to prosecute a civil action for violation of the UCL.

42. California Labor Code § 90.5(a) states it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

43. Beginning at an exact date unknown to Plaintiff and the Class, but at least since the date four years prior to the filing of this suit, Defendant has committed acts of unfair competition as defined by the Unfair Business Practices Act by engaging in the unlawful, unfair, and fraudulent business acts and practices described in this Complaint, including, but not limited to:

a. violations of California Labor Code §§ 510(a), 1194(a), 2699(f), 210, 558(a) and Wage Order No. 1 pertaining to the payment of overtime;

b. violations of California Labor Code §§ 512(a), 2699(f), 210, 558(a); and

Wage Order No. 1 pertaining to meal periods;

c. violations of California Labor Code §§ 226, 226.3 pertaining to wage statements; and

d. violations of California Labor Code §§ 201-203 pertaining to waiting time penalties.

44. The violations of these laws and regulations, as well as of the fundamental California public policies protecting wages and discouraging overtime labor underlying them, serve as unlawful predicate acts and practices for purposes of Business and Professions Code §§ 17200, *et seq*.

45. The acts and practices described above constitute unfair, unlawful, and fraudulent business practices, and unfair competition, within the meaning of Business and Professions Code §§ 17200, *et seq*. Among other things, the acts and practices have taken from Plaintiff's and the Class's wages rightfully earned by them, while enabling the Defendant to gain an unfair competitive advantage over law-abiding employers and competitors.

46. Business and Professions Code § 17203 provides that the Court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition.

47. As a direct and proximate result of the aforementioned acts and practices, Plaintiff and the Class have suffered a loss of money and property, in the form of unpaid wages which are due and payable to them.

48. Business and Professions Code § 17203 provides that the Court may restore to any person in interest any money or property which may have been acquired by means of such unfair competition. Plaintiff and the Class are entitled to restitution pursuant to

Business and Professions Code § 17203 for all wages and payments unlawfully withheld from employees during the four-year period prior to the filing of this Complaint.

49. Plaintiff's success in this action will enforce important rights affecting the public interest and, in that regard, Plaintiff sues on behalf of himself and others similarly situated. Plaintiff and the Class seek and are entitled to unpaid wages, declaratory relief, and all other equitable remedies owing to them.

50. Plaintiff herein takes upon himself enforcement of these laws and lawful claims. There is a financial burden involved in pursuing this action, the action is seeking to vindicate a public right, and it would be against the interests of justice to penalize Plaintiff by forcing them to pay attorneys' fees from the recovery in this action. Attorneys' fees are appropriate pursuant to Code of Civil Procedure § 1021.5 and otherwise.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. Certification of this action as a class action on behalf of the Class Members;

2. Designation of Plaintiff as representative of the Class;

3. Designation of Plaintiff's counsel of record as class counsel for the Class;

4. Damages and restitution for unpaid overtime wages and missed meal period premium wages, together with interest at the legal rate;

5. For a declaratory judgment that Defendant has violated the California Labor Code and public policy as alleged herein;

6. For an equitable accounting to identify, locate, and restore to all current and former Plaintiff the wages they are due, with interest thereon;

7. For an order awarding Plaintiff and the Class compensatory damages, including lost wages, earnings, and other employee benefits, restitution, and all other sums

of money owed to Plaintiff and the Class, together with interest on these amounts, according to proof;

8. All applicable statutory penalties arising from Defendant's unlawful conduct, as alleged herein;

9. Attorney's fees and costs pursuant to Code Civil Procedure § 1021.5 and any other attorney fee provisions referenced herein;

10. For interest on any damages and/or penalties awarded, as provided by applicable law; and

11. Such other relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right to jury trial.

Respectfully submitted,

Date: October 11, 2016

HOYER & HICKS

Ryan L. Hicks
Attorney for Plaintiff Joseph Avila