# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH AVILA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>COLD SPRING GRANITE CORPORATION,<br><br>　　　　　Defendant.<br>_____/ | Case No. 1:16-cv-01533-AWI-SKO<br><br>**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO AMEND COMPLAINT**<br><br>(Doc. 10) |

## I.　INTRODUCTION

On October 11, 2016, Plaintiff Joseph Avila ("Plaintiff"), on behalf of himself and all others similarly situated, filed this action against Defendant Cold Spring Granite Corporation ("Defendant") for violations of Cal. Labor Code § 510(a) (failure to pay overtime compensation); Cal. Labor Code §§ 226.7, 512(a) (failure to provide meal periods); Cal. Labor Code § 226(a) (failure to provide accurate wage statements); and Cal. Labor Code § 226 (waiting time penalties). (Doc. 1.) On December 19, 2016, Plaintiff filed a Motion for Leave to Amend Complaint. (Doc. 10.) On January 11, 2017, Defendant filed a "Notice of Intent to Not File Any Documents in Opposition to Motion for Leave to Amend Complaint." (Doc. 11.) Plaintiff's motion is therefore deemed unopposed. After having reviewed the papers and supporting material, the matter is

deemed suitable for decision without oral argument pursuant to Local Rule 230(g), and the Court hereby VACATES the hearing set for January 25, 2017.

For the following reasons, Plaintiff's unopposed Motion for Leave to Amend Complaint is hereby GRANTED.

## II.   DISCUSSION

On the same day that Plaintiff filed this lawsuit, October 11, 2016, he provided notice to the California Labor Workforce and Development Agency ("LWDA") and Defendant of his intent to pursue a cause of action for penalties under the Private Attorney General Act ("PAGA"), Cal. Labor Code §§ 2698, *et seq*.  (See Doc. 10-1, Declaration of Jennifer McGuire in Supp. of Mot. for Leave to Am. Complt. ("McGuire Decl."), Ex. 2.)  The sixty-five (65) day deadline for the LWDA to notify Plaintiff of its intent to investigate the violations alleged in Plaintiff's PAGA notice, pursuant to Cal. Labor Code. § 2699(a)(2)(A), was December 15, 2016.  (*See id.* ¶ 4.) Plaintiff did not receive notice of the LWDA's intent to investigate.  (Doc. 10 at 4:4-6.)  As such, Plaintiff has exhausted the notice requirements of PAGA and, according to Plaintiff, has a right to bring a cause of action for PAGA penalties pursuant to Cal. Labor Code § 2699.3(a)(2)(a-c). Plaintiff seeks to add a sixth claim for penalties under PAGA based on the sections identified in the PAGA notice, as well as a few other necessary references to that additional claim in the prayer for relief and elsewhere throughout the pleading.  (*See* Doc. 30, Ex. 1.)  In addition, Plaintiff seeks to "clarify[y]" the joint employer allegations made against Defendant for the period Plaintiff and others similarly situated were paid by temporary staffing agency(ies).  (*See id.*)

Rule 15 of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has instructed that the policy favoring amendments "is to be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v.*

*Davis*, 371 U.S. 178, 182 (1962).

Here, the Court finds that justice would be served by permitting Plaintiff to amend the Complaint as specified above. Accordingly, in the absence of any undue prejudice to Defendant, as evidenced by its lack of opposition to the motion, Plaintiff's motion shall be granted.

### III.   ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's unopposed Motion for Leave to Amend Complaint (Doc. 10) is GRANTED;

2. Plaintiff shall file his First Amended Complaint as proposed and attached to his Motion for Leave to Amend the Complaint (McGuire Decl., Ex. 1) within two (2) days from the date of this order; and

3. Defendant shall file a response to the First Amended Complaint within the time permitted by the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated:   **January 18, 2017**                       /s/ *Sheila K. Oberto*
                                                     UNITED STATES MAGISTRATE JUDGE